■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK ORTEGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered October 18, 1988, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in refusing to provide a missing witness charge to the jury is without merit. The evidence adduced at trial established that the missing witness had returned to his native country and was therefore "unavailable" inasmuch as he could not be compelled by the People to testify at trial *(see, People v Gonzalez,* 68 NY2d 424, 428 [a missing witness charge is

appropriate if, *inter alia,* it can be demonstrated that a party has the physical ability to locate and produce a witness]). Moreover, there is nothing in the record to indicate that the testimony of the missing witness would have been anything more than cumulative. Accordingly, the trial court's refusal to give such a charge was proper.

Additionally, the defendant's contention that the verdict sheet submitted to the jury was improper is not preserved for appellate review since he failed to object to its submission *(see, People v Taylor,* 76 NY2d 873; *People v Thwaites,* 162 AD2d 743; *People v Mathis,* 150 AD2d 613; *People v Decambre,* 143 AD2d 927), and we decline to review it in the exercise of our interest of justice jurisdiction in view of the overwhelming evidence of the defendant's guilt *(see, People v Thwaites, supra; People v Mathis, supra; People v Lugo,* 150 AD2d 502).

We find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.