THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY G. McKEE, Appellant.

Viewing the evidence in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. The record reveals that a neighbor entered the complainant's home with the complainant's permission in order to make a telephone call and observed the legs of an intruder who was in the process of fleeing through a screen which had been forced open. The neighbor, who noticed that the intruder was carrying a brown bag, gave chase but the intruder managed to escape into a nearby wooded area. A witness saw the neighbor

chasing the intruder and observed the intruder flee into the wooded area. Although the witness was unable to positively identify the intruder, he was able to describe him as a medium to dark-skinned black male, wearing a dark-colored T-shirt, who was in his twenties or thirties. Another witness thereafter saw a black male with similar physical characteristics emerge from the same wooded area and was able to positively identify this person as the defendant. Subsequently, the police located a brown bag in the area where the defendant had emerged from the woods which contained property taken from the complainant's home. Although defendant's identity as the individual who had been in the complainant's home was established circumstantially, we conclude that the facts from which the jury could infer the defendant's guilt were inconsistent with his innocence and excluded every other reasonable hypothesis but guilt to a moral certainty *(see, People v Kennedy,* 47 NY2d 196; *People v Powell,* 163 AD2d 426; *see also, People v Barnes,* 50 NY2d 375, 380-381). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including his claim of error concerning the court's missing witness charge, and find them to be either lacking in merit *(see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Ortega,* 166 AD2d 728), or unpreserved for appellate review. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.