OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted and tried on charges of weapons possession as a result of driving a car in which two loaded, unlicensed guns were found pursuant to a lawful stop and search by police. According to the testimony of the police officer, the search for the guns was predicated on a police officer’s observation of bullets in the console compartment *760 between the front seats which were exposed to his view when the defendant opened the console to look for the car’s registration. The defendant denied that he opened the console and claimed that he had no knowledge that the guns were in the car, which belonged to his brother. After deliberations had commenced, the court received the following inquiry from the jury: "when searching for papers who opened the console[?]” The court reconvened the attorneys, the record reflecting the presence of the defense counsel and the prosecutor but the absence of the defendant. The jury was not returned to the courtroom. The court consulted with counsel in framing the answer to the jury’s question and, over defense counsel’s objection to the wording of the response, it sent a written note to the jury stating: "The police officer said the defendant did. The defendant denies it”. Defense counsel did not object to the failure to return the jury to the courtroom or to defendant’s absence from the proceedings. On the appeal, the Appellate Division reversed and ordered a new trial because the court had proceeded to instruct the jury in the absence of the defendant.
CPL 310.30 provides that, when a deliberating jury requests additional instructions, the court must return the jury to the courtroom and, after proper notice to counsel "and in the presence of the defendant”, give such requested information or instructions as the court deems proper. The People concede the court erred in proceeding contrary to CPL 310.30 and that its error presents a question of law even in the absence of objection (see, People v Ciaccio, 47 NY2d 431, 436-437). They contend, however, that the error was harmless (see, e.g., People v Mullen, 44 NY2d 1; People ex rel. Lupo v Fay, 13 NY2d 253).
Failure to comply with the statutory mandate of CPL 310.30 results in a substantial departure from a statutory provision that affects " 'the organization of the court or the mode of proceedings prescribed by law’ ” (see, People v Ahmed, 66 NY2d 307, 310). Thus, even though counsel may have consented to the procedure, an issue of law is presented for our review.
A defendant has a fundamental right to be present at all material stages of a trial (see, People v Ciaccio, 47 NY2d 431, 436, supra). CPL 310.30 makes a defendant’s right to be present during instructions to the jury absolute and unequivocal (see, CPL 310.30; People v Ciaccio, supra, pp 436-437). Because this defendant was absent during a material part of his trial, harmless error analysis is not appropriate (see, id.; *761 cf. People v Mullen, 44 NY2d 1, supra [Trial Judge’s in-chambers questioning of juror]; People ex rel. Lupo v Fay, 13 NY2d 253, supra [defense argument for mistrial]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.