■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. STANLEY, JR., Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered May 3, 1985, upon a verdict convicting defendant of the crimes of murder in the second degree and endangering the welfare of a child.

At about 8:30 A.M. on June 8, 1984, Andrew Larsen, age six months, died in Wilson Memorial Hospital in the City of Binghamton. The cause of death was severe head trauma which in turn caused a swelling of the brain, marked by vomiting and asphyxiation. In the opinion of a forensic pathologist, the head trauma resulted from two blows to the head incurred up to 36 hours prior to death. On the preceding evening, at about 8:00, Andrew was observed by a witness named Lesch, and at that time appeared happy and responded normally to Lesch's attention. Considering this interaction between Lesch and Andrew, the pathologist concluded that the fatal blows were incurred after 8:00 P.M. Between 9:30 P.M.

and 10:00 P.M. Andrew had been left alone with defendant by his mother who then left the residence with Kathy Wiktorek. When the mother returned home shortly after 10:00 P.M., defendant screamed for her to start the car as something appeared to be wrong with Andrew. The child was then brought to Binghamton General Hospital and subsequently transferred to Wilson Memorial Hospital.

In the months preceding Andrew's death he had suffered several injuries, including bruises and abrasions. All of these injuries were sustained after defendant moved in with Andrew's mother. These injuries led to complaints to the Department of Social Services and, approximately three weeks before his death, Andrew was placed in a foster home for two days. After Andrew's death, defendant was indicted on charges of murder in the second degree and endangering the welfare of a child. Upon his conviction, defendant was given concurrent prison sentences of 17 years to life for the murder and one year for endangering the welfare of a child.

On this appeal, defendant argues principally that there was legally insufficient evidence to support his convictions. In our view, the trial evidence was legally sufficient. Viewed in a light most favorable to the prosecution, a reasonable trier of fact could accept the mother's testimony that she had never abused the child; that the child was normal when the mother looked in on him just prior to leaving the home at 9:30 P.M. on June 7, 1984; that the child was left solely in defendant's care, which defendant admitted; and that the pathologist set the time of the infliction of the head wounds that caused death after 8:00 P.M. on June 7, 1984. Based on such evidence, the jury could reasonably conclude beyond a reasonable doubt that defendant was guilty of murder in the second degree as charged. In regard to the weight of the evidence presented, there is little conflict. We agree that the jury gave the evidence the weight that it should be accorded and found defendant guilty. Thus, the two-pronged test prescribed in *People v Bleakley* (69 NY2d 490) was satisfied.

Applying the same test to the charge of endangering the welfare of a child, we find that the three prior separate incidents of abuse of Andrew in the months prior to his death, all when Andrew was in the sole custody of defendant, considered with the mother's testimony that she never abused the child, clearly constituted sufficient evidence to support the verdict. As to its weight, the jury gave this testimony the weight to which it was entitled, since the evidence was largely

uncontradicted, and found defendant guilty of the endangering charge.

The second error claimed by defendant is that the prosecution was improperly permitted to rehabilitate one of its witnesses, Detective Alex Minor, by his prior consistent statements *(see, People v Davis,* 44 NY2d 269). On his direct testimony, Minor stated that defendant had told him that defendant entered Andrew's room during the time Andrew and defendant were alone in the house together. On cross-examination, defense counsel elicited that Minor had not testified to that effect before the Grand Jury. Thus, the testimony was attacked as a recent fabrication. The prosecution, therefore, was properly allowed to introduce police reports, made by the witness after speaking to defendant on June 8, 1984, to corroborate the witness's trial testimony, inasmuch as the witness had no motive to fabricate the police reports when they were made *(cf., People v McClean,* 69 NY2d 426; *People v Boyd,* 58 NY2d 1016). Furthermore, the error alleged here, even if found, is at the most harmless under the test prescribed in *People v Crimmins* (36 NY2d 230) and *People v Heppard* (121 AD2d 466, *lv denied* 68 NY2d 813). Other evidence clearly established that defendant was in the house alone with Andrew at the time of his fatal injuries.

We therefore conclude that the judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.