OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Defendant was tried in Kings County on various narcotics-related charges. After the case had been submitted to the jury, the Trial Justice left the courthouse to preside over another matter in Queens County. During his absence, the jury sent out a note indicating that it had reached an impasse and was unable to reach a verdict. Having been informed of the problem by telephone, the Trial Justice directed a court officer to tell the jury that it should "continue to deliberate” and to advise defense counsel of the jury’s note. Neither the attorneys nor defendant was present when the court officer spoke to the jury. The court officer’s remarks were not recorded.
 

 Reversal of this conviction is required because the Trial Justice improperly delegated a judicial duty to a nonjudicial
 
 *1009
 
 staff member at a critical stage of the proceedings and thus permitted trial proceedings to be conducted in his absence
 
 (People v Ahmed,
 
 66 NY2d 307). Contrary to the People’s contention, an instruction to continue deliberations when the jury has indicated its inability to reach a verdict is not a mere "ministerial” matter.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.