■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered December 1, 1986, convicting him of rape in the first degree (eight counts), sodomy in the first degree (nine counts), and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the counts of the indictment charging the defendant with robbery in the first degree are dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726), and a new trial is ordered on the remaining counts.

During the course of its deliberations, the jury made a written inquiry to the court concerning a material matter. The court then sent a court officer into the jury room with a response to the note. CPL 310.30 provides, in pertinent part: "At any time during its deliberation, the jury may request the court for further instruction or information * * * with respect to the content or substance of any trial evidence * * *. Upon such a request, the court *must* direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant * * * must give such requested information or instruction as the court deems proper" (emphasis added). Initially, we note that the trial court erred in communicating to the jury through court personnel (see, People v Torres, 72 NY2d 1007; People v Scott, 104 AD2d 667). In addition, the defendant has "an absolute right to be present with counsel, at all proceedings concerning the court's charge, admonishments, instructions to the jury and responses to jury questions during deliberations" (People v Mehmedi, 118 AD2d

806, 807; *People v Hewlett,* 133 AD2d 417). Accordingly, we find that the trial court committed reversible error by failing to comply with the statutory mandates of CPL 310.30.

We further find that the failure of the trial court to inform the defendant's counsel, prior to summations, that it would submit to the jury the lesser included offense of robbery in the third degree violated CPL 300.10 (4) and, under the circumstances of this case, constituted reversible error *(see, People v Reilly,* 105 AD2d 716).

We would also note that the conduct of the prosecutor in this case might well have served as an additional basis for reversal. The extent of the cross-examination of the defendant as to his employment and the exercise of his parental responsibilities exceeded a proper attack on the defendant's credibility. This was compounded by an argumentative and sarcastic tone of questioning that tended to divert the jury from the objective deliberation upon the guilt or innocence of the defendant *(see, People v McKenzie,* 97 AD2d 774). It was also improper to cross-examine the defendant in such a manner as to suggest that the defendant had a responsibility to produce as a witness an acquaintance known only by the street name of "G Man" *(see, People v Faison,* 126 AD2d 739; *People v Titus,* 88 AD2d 606; *People v Manson,* 63 AD2d 686).

Many of the prosecutor's statements in summation exceeded the bounds of legitimate advocacy. In addition to an improper attack on the defendant's life-style, the prosecutor went beyond the evidence in the case in an attempt to circumvent the court's *Sandoval* ruling *(see, People v Astacio,* 131 AD2d 684), knowingly mischaracterized the defense *(People v Whalen,* 59 NY2d 273), and sought to have the jury expand its role from that of a fact finder in this case to that of a community defender and avenger *(see, People v Torres,* 111 AD2d 885; *see, People v Sanchez,* 92 AD2d 595). We would remind prosecutors that their fundamental obligation is to seek justice, not merely to obtain a conviction *(see,* Code of Professional Responsibility EC 7-13; ABA Standards Relating to the Prosecution Function § 5.7 [a]; §§ 5.8, 5.9 [1971]).

In light of our determination to reverse the judgment appealed from, we have not considered the defendant's other contentions. Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.