■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COOPER, Appellant.—

The defendant maintains that he was deprived of a fair trial by reason of the trial court's conduct during the jury deliberations. We agree and, accordingly, reverse the judgment of conviction and order a new trial.

Following the trial court's jury charge and after the jury left the courtroom to deliberate, the trial court, in the presence of defense counsel, sent a court officer into the jury room with a verdict sheet and directed him to instruct the jury to use the sheet "for an idea as to how they should deliberate". On the next day, the jury advised the trial court in writing that it could not reach a verdict on all counts of the indictment. In response thereto, a court officer, at the trial court's direction, advised the jury to continue to deliberate. In both these instances, the trial court committed reversible error by improperly delegating its judicial responsibilities to nonjudicial court personnel at critical stages in the court proceeding *(see, People v Torres,* 72 NY2d 1007; *People v Ahmed,* 66 NY2d 307; *People v Miller,* 149 AD2d 439; *People v Payne,* 149 AD2d 542, 544). In addition, the defendant's absolute right to be present at all material stages of a trial, including instructions to the jury, was violated *(see, People v Mehmedi,* 69 NY2d 759, 760; *People v Miller, supra).* The defendant's failure to raise specific objections to the trial court's conduct does not preclude appellate review as a matter of law since errors which affect the organization of the court or the mode of proceedings prescribed by law need not be preserved *(see, People v Coons,* 75 NY2d 796; *People v Mehmedi, supra,* at 760; *People v Ahmed, supra,* at 310). Moreover, because the defendant was absent during a material stage of his trial, the harmless error analysis is inapplicable *(see, People v Mehmedi, supra,* at 760-761).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.