THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 6, 1988, convicting him of murder in the second degree (two counts), arson in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant maintains that he was deprived of a fair trial by reason of the trial court's conduct during the jury deliberations. We agree.

Following the trial court's jury charge and after the jury left the courtroom to deliberate, the trial court received a note from the jury indicating that "[t]here is a split of seven to five" and asking the court to "inform us as to the next step". With the consent of counsel for both parties and without bringing the jury into the courtroom, the court sent the clerk into the jury room with a message to "continue deliberating". Thus, the trial court committed reversible error by improperly delegating its judicial responsibilities to nonjudicial court personnel at a critical stage in the court proceeding (see, People v Torres, 72 NY2d 1007; People v Ahmed, 66 NY2d 307; People v Miller, 149 AD2d 439; People v Payne, 149 AD2d 542, 544; People v Cooper, 158 AD2d 465). In addition, the defendant's absolute right to be present at all material stages of a trial, including instructions to the jury, was violated (see, People v Mehmedi, 69 NY2d 759, 760; People v Miller, supra). The defendant's failure to raise specific objections to the trial

court's conduct does not preclude appellate review as a matter of law since errors which affect the organization of the court or the mode of proceedings prescribed by law need not be preserved (see, People v Coons, 75 NY2d 796; People v Mehmedi, supra, at 760; People v Ahmed, supra, at 310). Moreover, because the defendant was absent during a material stage of his trial, the harmless error analysis is inapplicable (see, People v Mehmedi, supra, at 760-761).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.