■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered April 13, 1988, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The People concede that after receiving a note from the jury stating that they were at an impasse, the trial court directed a court officer to go into the jury room to instruct the jury to continue their deliberations. Neither the attorneys nor the defendant were present when the court officer instructed the jury to continue their deliberations, and the court officer's remarks were not recorded. Consequently, we find that the trial court's actions constituted an improper delegation of its duties, and also deprived the defendant of his right to be present at all material stages of his trial (see, CPL 310.30; People v Torres, 72 NY2d 1007; People v Jones, 159 AD2d 644; People v Cooper, 158 AD2d 465). "The defendant's failure to raise specific objections to the trial court's conduct does not preclude appellate review as a matter of law since errors which affect the organization of the court or the mode of proceedings prescribed by law. need not be preserved (see, People v Coons, 75 NY2d 796; People v Mehmedi [69 NY2d 759, 760]; People v Ahmed [66 NY2d 307, 310])." (People v

*Jones, supra,* at 644-645; *People v Cooper, supra.)* "[A]n instruction to continue deliberations when the jury has indicated its inability to reach a verdict is not a mere 'ministerial' matter" *(People v Torres, supra,* at 1009). Moreover, because the defendant was absent during a material stage of his trial, a harmless error analysis is inapplicable *(see, People v Mehmedi, supra,* at 760-761).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Mathis,* 150 AD2d 613). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.