■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE POWELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered May 21, 1987, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that his guilt was established beyond a reasonable doubt. The evidence adduced at trial established that the decedent, 3½-year-old Andrew Lamar, Jr., was killed as a result of internal injuries which were inflicted upon him at a time when he was in the defendant's exclusive physical custody. Two expert forensic pathologists, examining different aspects of the medical evidence, opined that the child was injured at approximately 10:00 P.M. on January 10, 1986, by a forceful blow to the abdomen. At this time the child's mother was at work and she had entrusted her son's care to the defendant, who was her live-in boyfriend. Viewing this circumstantial evidence, including the evidence that the child had apparently been previously abused *(see, People v Stanley,* 135 AD2d 910), in the light most favorable to the People, we conclude that the facts from which the jury could infer the defendant's guilt were inconsistent with his innocence and excluded every other reasonable hypothesis to a moral certainty *(see, People v Contes,* 60 NY2d 620; *People v Kennedy,* 47 NY2d 196). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,*

CPL 470.15 [5]), as the testimony of the two medical experts proffered by the People convincingly established that only the defendant could have inflicted the fatal injuries. Although the defense proffered the testimony of its own expert, who presented a contrary opinion, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *People v Ludwig,* 155 AD2d 558). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

Finally, the defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Lipton,* 54 NY2d 340; *People v Rodriguez,* 137 AD2d 565) and in any event, is without merit *(see, e.g., People v Morillo,* 156 AD2d 479). Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.