■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BOYD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered July 13, 1988, convicting him of assault in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During the first day of deliberations, the jury sent a note to the court stating that it had reached an impasse. The court clerk noted for the record that the court had instructed a court officer to go into the jury room and tell the jury to continue deliberating. This constituted reversible error, as the court impermissibly delegated its judicial responsibilities to nonjudicial personnel and deprived the defendant of his right to be present during a material stage of the trial *(see, People v Torres,* 72 NY2d 1007; *People v Johnson,* 160 AD2d 667; *People v Jones,* 159 AD2d 644; *People v Cooper,* 158 AD2d 465). As the defendant was absent from a material stage of the trial, harmless error analysis is inapplicable *(see, People v Mehmedi,* 69 NY2d 759; *People v Johnson, supra).* Furthermore, the defendant's failure to object to the court's conduct does not preclude appellate review as errors which affect the organization of the court or the mode of proceedings prescribed by law need not be preserved *(see, People v Coons,* 75 NY2d 796; *People v Jones, supra; People v Johnson, supra).*

We also note that the court erred in submitting a verdict sheet to the jury which defined the elements of each count in statutory language, absent the consent of the parties *(see,*

*People v Nimmons,* 72 NY2d 830). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.