■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN CHARLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 9, 1989, convicting him of criminal sale of a controlled substance in the second degree (two counts) and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant and his brother were arrested after selling cocaine to an undercover police officer and were tried jointly. On February 7, 1989, and while the jury was deliberating, the defendant's brother, Derek Charles, claimed through his attorney that he had been assaulted by court officers during the lunch recess and was therefore unable to appear for the jury's afternoon deliberations. The court instructed Derek's attorney that the jury had questions for the court and that if he did not appear, he would be waiving his right to be present. Notwithstanding the foregoing, the court ultimately agreed to postpone deliberations until the next day, although it warned Derek's attorney that if Derek did not appear, the jury would be instructed to deliberate despite Derek's absence. The defendant was present at the time and heard the court's admonition regarding his brother's nonappearance.

That evening, the defendant apparently became involved in

some type of altercation with corrections officers at the Brooklyn House of Detention and sustained an injury to his head. He did not appear in court the next day, February 8, 1989. The defendant's attorney did appear, however, and informed the court of the defendant's injury, producing a note from a physician which stated that the defendant had sustained a "hematoma of the right temporal region" and required 24 hours of rest. The defense counsel further stated that the defendant did not waive his right to be present. Noting that a delay in the deliberations had already taken place the day before, the court declined to further delay the proceedings and instructed the jury to continue deliberating, without making any further inquiries into the circumstances surrounding the defendant's absence.

Thereafter, and in the defendant's absence, the court responded to a jury note which requested instructions relating to various elements of the crimes charged and engaged in colloquy with some of the jurors concerning their inquiry. On appeal, the defendant contends, *inter alia,* that his conviction must be reversed because he was deprived of his right to be present during the foregoing portion of the trial. We agree.

CPL 310.30 provides that, when a deliberating jury requests additional instructions, the court *must* return the jury to the courtroom and, after proper notice to counsel "and in the presence of the defendant", give such requested information or instructions as the court deems proper *(see, People v Mehmedi,* 69 NY2d 759, 760). Significantly, CPL 310.30 "makes a defendant's right to be present during instructions to the jury absolute and unequivocal" *(People v Mehmedi, supra,* at 760; *People v Ciaccio,* 47 NY2d 431, 436-437). Further, the defendant has a constitutional right to be present under the Sixth Amendment to the United States Constitution as well as under the New York State Constitution *(see, People v Ciaccio, supra,* at 436-437; *see also, People v Cain,* 76 NY2d 119, 123-124).

Although a defendant who deliberately absents himself from the courtroom after trial has begun forfeits his right to be present *(see, People v Sanchez,* 65 NY2d 436; *People v Watson,* 121 AD2d 487; *cf., People v Brooks,* 75 NY2d 898, 899, *amended* 76 NY2d 746), the Court of Appeals has held that the trial court must inquire into the surrounding circumstances in order to ensure that the defendant's absence was, in fact, deliberate *(see, People v Brooks, supra,* at 899). No such inquiry was ever undertaken by the court here. Further, and contrary to the People's contentions, the record as it presently

exists contains no evidence that the altercation in which the defendant became involved was the product of the defendant's contumacious behavior or that it was a deliberate act on which a forfeiture of his right to be present may be predicated. Moreover, that the defendant was present when his brother's attorney was informed about the court's intention to proceed without further delay does not establish that the defendant knowingly forfeited his right to be present during the court's instructions to the jury. Since no forfeiture was established on the record before us, the Supreme Court erred in proceeding to issue supplemental instructions to jury in the defendant's absence *(see, People v Mehmedi, supra).* Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.