■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TUCKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 26, 1989, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

Although the defendant contends otherwise, we find that his arrest was proper and that therefore its fruits were properly admitted in evidence at the trial. Viewing the evidence in the

light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, *People v Contes*, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Nevertheless, reversal and a new trial are required.

In response to a jury note indicating that it was in a "dead deadlock", the Trial Justice directed a court officer to tell the jury to continue deliberations. Neither counsel nor the defendant was present when the court officer spoke to the jury. As the People concede, a reversal of the conviction is required because the Trial Justice improperly delegated a judicial duty to a nonjudicial staff member at critical stage of the proceedings and thus permitted trial proceedings to be conducted in his and the defendant's absence (see, *People v Torres*, 72 NY2d 1007; *People v Ahmed*, 66 NY2d 307).

In view of the foregoing, we deem it unnecessary to reach the defendant's remaining contentions. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.