■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BONILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered April 19, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the second day of deliberations in this case, the Trial Justice received a note from the jury indicating that the jurors were deadlocked. With the consent of counsel for both parties and without bringing the jury into the courtroom, the Trial Justice sent a written note to the jury instructing them to "continue with your deliberations". Thus, the Trial Justice committed reversible error by failing to follow the prescribed procedure set forth in CPL 310.30, violating the defendant's absolute right to be present at all material stages of a trial, including instructions to the jury (see, People v Mehmedi, 69 NY2d 759, 760; People v Jones, 159 AD2d 644). The fact that the defendant failed to raise specific objections to the Trial Justice's conduct does not preclude appellate review as a matter of law, since errors which affect the organization of the court or the mode of proceedings prescribed by law need not be preserved for appellate review (see, People v Coons, 75 NY2d 796; People v Mehmedi, supra, at 760).

In view of the foregoing, we have no occasion to reach the

remaining issues raised by the defendant. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.