■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDALL HARRISON, Appellant. [596 NYS2d 97] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shea, J.), rendered April 29, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree (two counts), and official misconduct (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the jury's deliberations, the jurors summoned a court officer to inform him that they had reached a verdict. Upon being so informed, the court officer asked the jury whether the verdict was unanimous. When one of the jurors answered that there were "more things to discuss", the court officer left the room. It is well settled that a court officer may perform the ministerial task of inquiring whether the jury has reached a verdict *(see, People v Bonaparte,* 78 NY2d 26, 30; *People v Ciaccio,* 47 NY2d 431, 437; CPL 310.10), and the scope of this ministerial task may include determining whether the verdict is unanimous. Accordingly, neither the presence of the defendant nor the participation of the court was required in the performance of this ministerial task.

The defendant further contends that the Supreme Court deprived him of a fair trial when it refused to deliver a supplemental instruction concerning the defense of agency. In light of the fact that the jury had not requested this instruction and the court had previously delivered an instruction on the agency defense three times, the trial court did not improvidently exercise its discretion in refusing to deliver this instruction a fourth time *(see,* CPL 310.30). Moreover, the trial court's response to the jury's inquiry was meaningful *(see, People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal of the judgment in the exercise of our interest of justice jurisdiction. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.