■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROGOSKI, Appellant. [600 NYS2d 76] —Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered August 10, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated January 6, 1992, which denied his motion pursuant to CPL article 440.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; the facts have been considered and are determined to have been established; and it is further,

Ordered that the appeal from the order is dismissed as academic.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant, "[u]nder circumstances evincing a depraved indifference to human life * * * recklessly engage[d] in

conduct which create[d] a grave risk of death to" Jesse Rogoski, thereby causing his death (Penal Law § 125.25 [2]; *People v Stanley,* 135 AD2d 910, 911). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we find merit to the defendant's claim that the court committed reversible error when it directed a court clerk to issue a legal instruction to the jury during deliberations. The record demonstrates that when the jurors sent out a note requesting instruction as to whether they were required to be unanimous in acquitting the defendant of murder in the second degree before they could consider the manslaughter count, the trial court, with the acquiescence of counsel, sent a clerk into the jury room to advise the jurors that they were indeed required to be unanimous. The Court of Appeals has decreed that whenever a substantive legal instruction is delivered to the jury in the jury room by nonjudicial personnel, the error is *per se* reversible. Such improper delegation of judicial authority constitutes a "substantial departure from a statutory provision that affects the ' "organization of the court or the mode of proceedings prescribed by law" ' " *(People v Mehmedi,* 69 NY2d 759, 760), and simultaneously violates a defendant's "absolute and unequivocal" right *(People v Mehmedi, supra,* at 760) to be present during instructions to the jury—a material stage of his trial *(see,* CPL 310.30; *People v Torres,* 72 NY2d 1007; *People v Ahmed,* 66 NY2d 307; *cf., People v Bonaparte,* 78 NY2d 26). On constraint of this authority, we find that the instant conviction must be reversed and a new trial held.

In view of the foregoing determination, we need not address the defendant's remaining contentions. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.