■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FIDEL LARA, Appellant. [605 NYS2d 339] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 15, 1989, convicting him of criminal possession of a controlled substance in the first degree, failure to obey a traffic control signal, and reckless driving, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant claims that the trial court should have suppressed the six and one-half ounce bag of cocaine which was seized from the passenger floor of his car. Contrary to the defendant's contention, once the police officer saw a bag containing white powder, which he believed to be cocaine, being tossed by the defendant to the floor on the passenger side of the car, the officer had probable cause to arrest the defendant (see, People v Rudasil, 43 NY2d 789; People v Jackson, 41 NY2d 146, 150; People v Lemmons, 40 NY2d 505, 508-509; People v Manganaro, 176 AD2d 354, 355). The hearing court heard and saw the witnesses, and great deference should be given to the hearing court's determination regarding issues of credibility (see, People v Harris, 134 AD2d 369). In this case, the hearing court credited the testimony of the officer and it discredited the defendant's testimony. The defendant has not provided any reason to disturb the hearing court's determination, which is supported by the record.

Nonetheless, we do find merit to the defendant's claim that the Supreme Court committed reversible error when, after the jury sent a note indicating that it had reached an impasse, the court sent a message, through a captain, that the jury was "to still deliberate". The defendant's failure to raise specific objections to the trial court's conduct does not preclude appellate review as a matter of law in this case, since errors which affect the organization of the court or the mode of proceedings prescribed by law need not be preserved (see, People v Jones, 159 AD2d 644, 645; see also, People v Coons, 75 NY2d 796; People v Mehmedi, 69 NY2d 759, 760-761; People v Ahmed, 66 NY2d 307, 310). An instruction to continue deliberations when the jury has indicated an inability to reach a verdict is not a mere "ministerial" matter (see, People v Torres, 72 NY2d 1007,

1008-1009). Thus, the defendant was absent during a material stage of the trial, and the trial court improperly delegated a judicial duty to a nonjudicial staff member. The harmless error analysis is inapplicable, and the error is per se reversible (see, *People v Torres, supra,* at 1008-1009; *People v Mehmedi, supra,* at 760-761; *People v Jones, supra,* at 645). Accordingly, the instant conviction must be reversed and a new trial held.

As a further precautionary measure, we note that when the jury indicated on a second occasion that it had reached an impasse, the trial court instructed someone, apparently a court officer, to inform the jurors that they were to cease deliberations until the following morning (after they were sequestered). The better practice with respect to the giving of sequestration instructions, is for the court, rather than a court officer, in the presence of the defendant and his counsel, to notify the jurors that they are going to be sequestered for the evening and to instruct them as to their duties and obligations during this period (see, *People v Bonaparte,* 78 NY2d 26, 30). At the same time, the court may also inform the jurors that deliberations shall continue on the following morning.

In view of the foregoing determination, we need not address the defendant's remaining contentions. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.