■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD SMITH, Appellant. [614 NYS2d 257] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Goldstein, J.), both rendered July 17, 1992, convicting him of attempted criminal possession of a controlled substance in the third degree under Indictment No. 13721/89 and attempted criminal sale of a controlled substance in the third degree under Indictment No. 11230/90, upon his pleas of guilty, and imposing sentences.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SMITH, Appellant. [612 NYS2d 452] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 7, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the defendant's claim that he was denied his constitutional and statutory right to be present at a material stage of the trial is without merit. In response to a note from the jurors, the court directed that they should continue deliberating until about 6:00 P.M., and that they should not worry about meals and accommodations for the night. The defendant was not present at this time. In these circumstances, however, his presence was not required. The court's statement did not constitute a legal instruction, such as an *Allen* charge, which would have required the defendant's presence *(cf., People v Torres,* 72 NY2d 1007; *People v Bonilla,* 186 AD2d 748). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.