■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY McKAY, Appellant. [625 NYS2d 590] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered June 29, 1992, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a

new trial is ordered. The facts have been considered and determined to have been established.

During its deliberations, the jury sent a note to the trial court which read, "Do we have to vote on both counts?". The trial court sent a clerk to respond to this inquiry, instructing him as follows: "Yes, just say yes. If they want further information, let me know and we'll bring them out". The response to the jury's question formulated by the court constituted an instruction on a question of law, and thus the delivery of this instruction to the jury should not have been delegated to the clerk (see, People v Coons, 75 NY2d 796; People v Torres, 72 NY2d 1007; People v Mehmedi, 69 NY2d 759; People v Ahmed, 66 NY2d 307; People v Lara, 199 AD2d 419; People v Rogoski, 194 AD2d 754; People v Jones, 159 AD2d 644; cf., People v Lykes, 81 NY2d 767; People v Bonaparte, 78 NY2d 26; People v Buxton, 192 AD2d 289; People v Harrison, 192 AD2d 551; People v Torres, 191 AD2d 601; People v Smith, 181 AD2d 844). A new trial is therefore necessary.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.