■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON MOYLER, Appellant. [634 NYS2d 593] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a judgment convicting him of manslaughter in the first degree, defendant contends, *inter alia,* that County Court improperly delegated a judicial function in allowing a court employee to instruct the jury, out of defendant's presence, to continue deliberating, thereby depriving defendant of his right to be present at a critical stage of trial. We agree and therefore reverse defendant's conviction.

CPL 310.30 provides that, upon a jury request for further instruction or information, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." It is well settled that the trial court's response to the jury's request for further instruction or information is a critical stage of trial at which defendant has a right to be present *(see, People v Torres,* 72 NY2d 1007, 1008-1009; *People v Mehmedi,* 69 NY2d 759, 760, *rearg denied* 69 NY2d 985; *People v Ciaccio,* 47 NY2d 431, 436-437). Further, the court may not delegate the responsibility of communicating with the jury to non-judicial personnel, and generally may not communicate with the jury through a non-judicial intermediary *(see,* CPL 310.30; *People v Torres, supra; People v Mehmedi, supra; People v Ahmed,* 66 NY2d 307, *rearg*

*denied* 67 NY2d 647; *People v Ciaccio, supra; People v Bonilla,* 186 AD2d 748). A violation of that rule cannot be waived or consented to by defendant, presents a reviewable question of law even in the absence of objection, and is not amenable to harmless error analysis *(see, People v Cain,* 76 NY2d 119, 121, 124; *People v Mehmedi, supra; People v Nichols,* 163 AD2d 904, 905; *People v Jones,* 159 AD2d 644, 645, *lv denied* 76 NY2d 790, 894).

Here, even in the absence of objection by defendant, the court committed reversible error in responding to the jurors' note concerning a possible hung jury by giving a court employee a note instructing the jury to continue deliberating *(see, People v Torres, supra; People v Bonilla, supra).* An instruction to continue deliberations is not a mere "ministerial" matter concerning which a non-judicial employee might be permitted to communicate with the jury *(see, People v Torres, supra; see also, People v Bonaparte,* 78 NY2d 26, 30-31).

We have considered defendant's remaining contentions, including the insufficiency and weight of the evidence contentions, and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.