■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BEHRMANN, Appellant. [696 NYS2d 27] —Judgment, Supreme Court, Bronx County (Frank Torres, J., at hearing; David Stadtmauer, J., at nonjury trial and sentence), rendered November 27, 1996, convicting defendant of rape in the first degree, and sentencing him to a term of 2½ to 7½ years, unanimously affirmed.

Defendant's suppression motion was properly denied. Under the unique circumstances of this case, defendant's proximity, with other men, to a naked woman who was screaming that she had been raped but was temporarily unable to communicate any other information rendered it reasonable for the police to take defendant and the other men into custody for a limited period of time until the victim was able to indicate who raped her. The victim's condition left the police with no other reasonable course of action. We note that the only fruit of the seizure introduced at trial was defendant's underwear, and the presence of sperm on the underwear was fully consistent with the defense of consensual sex asserted by defendant from his initial statement to the police through trial.

We reject defendant's argument that when the court in this nonjury trial ordered transcripts of certain trial minutes and reviewed such transcripts prior to rendering a verdict, this was the equivalent of a readback of testimony to a deliberating jury, thus requiring prior consultation with counsel (*see, People v O'Rama,* 78 NY2d 270) and the presence of defendant (*see, People v Mehmedi,* 69 NY2d 759; CPL 310.30). In view of the significant differences between jury deliberations and a nonjury court's consideration of a case (*see, e.g., People v Lloyd,* 210 AD2d 163, *lv denied* 85 NY2d 864), we conclude that CPL 310.30 has no applicability to the procedure challenged here (*see,* CPL 320.20 [4]), and that the presence of neither counsel nor defendant was required. In a jury trial, a readback request requires a careful response to insure that the appropriate information, and nothing inappropriate, reaches the jury (*People*

*v O'Rama*, 78 NY2d 270, 278, *supra*). This danger, however, is not present in a nonjury trial where the Judge as the finder of fact is presumed to consider the proper evidence (*People v Moreno*, 70 NY2d 403). Unlike a jury, which is required to make a request for the readback of testimony, it is entirely within a nonjury court's discretion to order and consult transcripts of the trial to the extent it sees fit to do so, and there is no need for input from counsel or the defendant on this subject. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Andrias, JJ.