■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL FRANCIS, Appellant. [766 NYS2d 45] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered October 1, 2001, convicting him of murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant maintains that he was deprived of his right to a trial by jury and his right to be present during all material stages of the trial. We agree.

During the presentation of the People's case, a court officer informed the trial court that a juror had mentioned that the defendant was making certain hand motions in the direction of the jury box. The trial court, in the presence of, among others, the defense counsel and the defendant, summoned the juror and inquired as to the juror's concerns. The juror stated that the defendant was making motions with his hands under his chin, which resembled a pistol, that a couple of other jurors had observed the motions, and that the motions unnerved her and those other jurors. After the juror indicated that the defendant's conduct would not affect her ability to be impartial, the trial court, with the consent of the defense counsel, sent a court officer to inquire which of the remaining jurors "expressed concern" about the defendant's conduct. After returning with two other jurors who disclosed concerns unrelated to the defendant's hand motions, the court officer commented that "[r]ight now, this is the only juror. Because when I asked if any other jurors felt the way that juror did, apparently they all didn't know what I was really talking about." No further inquiry was conducted by the trial court with respect to this issue.

The trial court committed reversible error by improperly delegating to its court personnel judicial responsibility to inquire into the nature of the jurors' potential bias toward the defendant (*see People v Torres,* 72 NY2d 1007, 1008-1009 [1988]; *People v Ahmed,* 66 NY2d 307, 310 [1985]; *People v Rukaj,* 123 AD2d 277 [1986]). Additionally, the defendant's absolute right to be present at all material stages of the trial was violated (*see generally People v Ciaccio,* 47 NY2d 431, 436 [1979]).

The defense counsel's acquiescense in the procedure utilized by the trial court does not constitute a waiver of this issue and does not preclude appellate review (*see People v Ahmed, supra* [consent by defense counsel not a waiver]; *People v Lara,* 199 AD2d 419 [1993]; *People v Jones,* 159 AD2d 644 [1990]; *cf. People v Buxton,* 192 AD2d 289, 292 [1993] [administerial communication by court officer]). Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.