[802 NE2d 1081, 770 NYS2d 683]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA STIGGINS, Appellant.

Argued October 23, 2003; decided November 20, 2003

### APPEARANCES OF COUNSEL

*Redmond & Parrinello, LLP*, Rochester (*Bruce F. Freeman* of counsel), for appellant.

*Eliot Spitzer, Attorney General*, New York City (*Alyson J. Gill, Michelle Aronowitz* and *Robin A. Forshaw* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of County Court should be reversed and a new trial ordered.

Defendant's conviction of assault in the third degree and endangering the welfare of an incompetent person must be overturned because she was deprived of her right to a fair trial. It was apparent from the outset of the proceedings that the presiding town justice was unfamiliar with the mechanics of a jury trial, which prompted defense counsel to object to the continuation of the proceedings. The judge had to be guided by the prosecutor through every aspect of jury selection—he attempted to seat a jury before voir dire began, failed to elicit basic information regarding the qualifications of the prospective jurors and issued an oath to the trial jurors that did not comply with CPL 270.15 (2)—all of which resulted in the judge "relinquish[ing] control" over the jury selection process (*People v Toliver*, 89 NY2d 843, 844 [1996]).

This lack of adequate supervision and control permeated the remainder of the proceedings. The prosecutor had to interrupt the judge during preliminary jury instructions to tell him what to read. At the close of evidence but before summations, the judge attempted to give final instructions to the jury until the prosecutor interceded. During the charge to the jury, the judge read inapplicable instructions and was unaware that each element of the charged crimes must be explained to the jury, eliciting yet another intervention by the prosecutor. Finally, in response to the jury's oral request for a readback of testimony, the prosecutor instructed the jury on the correct procedure for requesting evidence, thereby "assum[ing] the important function of maintaining control of jury deliberations" (*People v Bayes*, 78 NY2d 546, 551 [1991]). In all, it is evident that the judge failed to satisfy his obligation to maintain the integrity of the proceedings.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed and a new trial ordered, in a memorandum.