■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAWHEAH CASSELL, Appellant. [880 NYS2d 303]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heffernan, J.), rendered March 19, 2007, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We grant a new trial based on the assumption of judicial functions by the trial court's law clerk and a court officer. During deliberations, a juror knocked on the jury room door and informed the court officer that she wanted to go home and did not want to continue deliberations. After the court officer escorted the juror outside of the building, where she remained for approximately 15 to 20 minutes, the court officer was

directed by the trial court's law clerk to place the juror back in the jury room to continue deliberations. After the court officer informed the juror that she would have to continue deliberations, the juror told the court officer that she wanted to go home and the court officer made the following statement to the juror, "I don't think you're going to be going home." The juror returned to the jury room and, approximately 10 minutes later, the jury informed the trial court that it had reached a verdict.

While a court officer can communicate with the jury during deliberations in connection with his or her administerial duty (see CPL 310.10 [1]), the court officer's communication here conveyed a legal instruction to the juror regarding her duty and obligation to continue deliberating (see People v Torres, 72 NY2d 1007, 1008-1009 [1988]; People v Ahmed, 66 NY2d 307, 312 [1985]; People v Ciaccio, 47 NY2d 431, 437 [1979]; People v Lara, 199 AD2d 419 [1993]; People v Tucker, 182 AD2d 654 [1992]). This instruction should have been given to the juror directly by the trial court in the defendant's presence (see People v Bonaparte, 78 NY2d 26, 30 [1991]; People v Rogoski, 194 AD2d 754, 755 [1993]) and the trial court's failure to have done so is per se reversible (see People v Lara, 199 AD2d 419 [1993]; People v Boyd, 166 AD2d 659 [1990]). Additionally, it was error for the law clerk to assume a judicial function (see People v Ahmed, 66 NY2d at 311-312). Accordingly, the judgment of conviction must be reversed and a new trial ordered.

The defendant's contention that he was improperly adjudicated a felony offender is unpreserved for appellate review and, in any event, is without merit.

In view of the foregoing determination, we need not address the defendant's remaining contention. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.