■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY BROWN, Appellant. [961 NYS2d 293]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered July 13, 2011, convicting him of criminal possession of a weapon in the second degree and criminal possession of marijuana in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was arrested while driving a minivan with a Virginia registration from which police officers recovered a loaded firearm and 16 pounds of marijuana. The police also recovered, from the defendant's wallet, a concealed weapon permit issued to him by the Commonwealth of Virginia. At his subsequent trial, the defendant admitted that the firearm and the marijuana belonged to him, but testified that he had purchased the firearm legally in Virginia and was carrying it for his protection, and that he had purchased the marijuana for his personal use.

At the charge conference, the People asked the trial court to take judicial notice of the fact that a concealed weapon permit issued in Virginia is not valid in the State of New York, to instruct the jury of that fact, and to instruct the jury that ignorance of the law is not a defense. The trial court denied the requests. The defendant then moved to preclude the People from arguing during summation that the Virginia permit was not valid in New York. The court denied the defendant's motion, and ruled that, although it had declined to charge the jury on the issue, the prosecutor was allowed to offer comments during summation regarding firearm licensing requirements in New York and the invalidity of the Virginia permit.

During summation, the prosecutor argued to the jury that "the Virginia permit does not make this gun legal in New York," that the defendant's "Virginia permit is not valid in New York, plain and simple, this gun was owned unlawfully here in New York," that "I'm going to tell you that [the Virginia permit] is one hundred percent irrelevant in this case," and that since the

defendant "didn't have a license for it in Brooklyn, . . . the [Virginia] permit is of absolutely no significance in this case." The prosecutor told the jury that the defendant's "only challenge to the crime of criminal possession of a weapon is to get you to ignore the law," and if one of the jurors were to tell the others during deliberations that "all the elements of the crime were proved by the People but he had that permit in Virginia so I can't convict him, . . . I expect the other eleven of you to say, you're not following the law." The prosecutor also asserted that it did not matter if the defendant thought he could carry the gun pursuant to the Virginia permit: "I'm here to tell you that it doesn't matter if he thought he could carry the gun," because "[i]gnorance of the law . . . is not a defense." The trial court overruled a defense objection to that last comment.

On appeal, the defendant contends that he was deprived of a fair trial because the trial court improperly delegated its judicial authority by permitting the prosecutor, in effect, to deliver instructions on the law to the jury. Since this was a jury trial, the court was obligated to instruct the jury on the "material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts" (CPL 300.10 [2]). Here, the court declined to instruct the jury on the law with respect to the validity of a concealed weapon permit issued in Virginia, and with respect to a defendant's ignorance of the law. Having declined to give such instructions, it was improper for the court to allow the prosecutor, in effect, to give such instructions during his summation in its stead. By permitting the prosecutor to instruct the jury on matters of law during the course of his summation, the court improperly surrendered its nondelegable judicial responsibility (*see People v Stiggins*, 1 NY3d 529, 530 [2003]; *People v Bayes*, 78 NY2d 546, 551 [1991]; *cf. People v Torres*, 72 NY2d 1007 [1988]; *People v Pegeise*, 195 AD2d 337, 339 [1993]). The court's delegation of this critical judicial function to the prosecutor significantly impaired the integrity of the proceedings and deprived the defendant of a fair trial, requiring reversal.

In light of our determination, we need not address the defendant's remaining contentions. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.