■ The People of the State of New York, Respondent, v Daniel Gray, Also Known as Daniel Boland, Appellant. [39 NYS3d 239]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 13, 2011, convicting him of assault in the first degree (two counts), robbery in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was detained by the police when he was found, injured and hiding, in a backyard next to a barbershop shortly after a robbery in the barbershop in which the victim and the robber were both shot in the leg. Contrary to the defendant's contention in his pro se supplemental brief, the Supreme Court properly determined that the police had reasonable suspicion to stop and detain him based upon the close proximity of the defendant to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant (*see People v Currie*, 131 AD3d 1265 [2015]; *People v Hicks*, 78 AD3d 1075, 1075-1076 [2010]; *People v Holland*, 4 AD3d 375, 376 [2004]; *People v Jackson*, 205 AD2d 640, 641 [1994]). The fact that the police used handcuffs to detain him did not transform the detention into a full-blown arrest (*see People v Allen*, 73 NY2d 378, 380 [1989]; *People v Williams*, 73 AD3d 1097, 1099 [2010]; *People v Santiago*, 41 AD3d 1172, 1174 [2007]; *People v Barnes*, 4 AD3d 433 [2004]). Contrary to the defendant's further pro se contention, his subsequent arrest was lawful. Moreover, the search of his pants, which had been cut off by ambulance personnel to facilitate the examination of the defendant's wound, and the seizure of physical evidence, were supported by exigent circumstances (*cf. People v Thompson*, 118 AD3d 922, 924 [2014]). Accordingly, the Supreme Court properly declined to suppress the physical evidence.

Nonetheless, we do find merit to the defendant's claim that the Supreme Court committed reversible error when, after the jury sent a verdict sheet indicating an impasse as to two counts, the court, without the defendant present, sent the verdict sheet back to the jury with a message, through a court officer, that the jury was to send a note indicating its issues. This message communicated to the jury that the court was rejecting the verdict and was, in effect, instructing the jury to continue deliberations. Indeed, approximately 10 minutes later, the jury sent a note indicating that it had reached a verdict on one of the two counts upon which the jury had earlier been unable to reach a verdict. An instruction to continue deliberations when the jury has indicated an inability to reach a verdict is not a mere "ministerial" matter (see People v Torres, 72 NY2d 1007, 1008-1009 [1988]). Thus, the defendant was absent during a material stage of the trial, and the trial court improperly delegated a judicial duty to a nonjudicial staff member (see People v Bonaparte, 78 NY2d 26, 30 [1991]; People v Cassell, 62 AD3d 1021 [2009]; People v McKay, 214 AD2d 685, 686 [1995]; People v Lara, 199 AD2d 419 [1993]). The harmless error analysis is inapplicable, and the error is per se reversible (see People v Torres, 72 NY2d at 1008-1009). Accordingly, we reverse the judgment and order a new trial.

In light of our determination, we need not address the defendant's remaining contentions that he was deprived of the right of self-representation by his exclusion from sidebar conferences and that the Supreme Court erred in accepting a partial verdict. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.