People v Fulton (2023 NY Slip Op 06750)

People v Fulton

2023 NY Slip Op 06750

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2019-14024
 (Ind. No. 6946/18)

[*1]The People of the State of New York, respondent,
v
William Fulton, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rachel Raimondi, and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered October 31, 2019, convicting him of criminal possession of a weapon in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, and operating a motor vehicle with defective taillights, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
In September 2018, police officers effected a traffic stop and, upon discovering that the defendant was operating the vehicle without a driver license, arrested him and impounded the vehicle. Upon conducting a search of the vehicle, one of the officers discovered a firearm in a sock in the driver's side door. The defendant was charged with criminal possession of a weapon in the second degree, among other crimes. In an omnibus motion, the defendant moved, inter alia, to suppress the firearm. After a hearing, the Supreme Court denied that branch of the defendant's omnibus motion. Subsequently, a jury convicted the defendant of criminal possession of a weapon in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, and operating a motor vehicle with defective taillights.
Contrary to the defendant's contention, the Supreme Court did not err in denying, after a hearing, that branch of his omnibus motion which was to suppress the firearm. The People met their burden of establishing the validity of the inventory search through evidence that the officer properly conducted the search pursuant to established police procedures (see Colorado v Bertine, 479 US 367; People v Padilla, 21 NY3d 268, 272-273; People v Walker, 20 NY3d 122, 127; People v Anderson, 208 AD3d 507, 508).
The defendant's challenge to the constitutionality of Penal Law § 265.03(3) is unpreserved for appellate review (see People v Moise, 220 AD3d 811), and we decline to review it in the exercise of our interest of justice jurisdiction.
However, we agree with the defendant that the Supreme Court committed reversible [*2]error by authorizing a court officer to communicate with the jury on a matter that was not "administerial" (CPL 310.10[1]). Count one submitted to the jury was criminal possession of a weapon in the second degree, and count two was the lesser included offense of criminal possession of a weapon in the third degree. Although the jury was not so charged, the verdict sheet indicated that if the jury found the defendant guilty of count one, it should then proceed to count three. During deliberations, the jury requested an explanation regarding the first and second counts, and the court repeated its charge on the elements of counts one and two without explaining that the jury should not consider count two if it found the defendant guilty of count one.
Before the jury rendered its verdict, the Supreme Court advised the parties that it had received an envelope containing the jury's verdict sheet and that the court had observed a "mistake" on the verdict sheet. The court further advised that it had instructed a court officer to tell the members of the jury that there was a mistake on the verdict sheet and that they were to correct their mistake, initial the correction, and send the court a note that they had reached a verdict. Shortly thereafter, the court received a note from the jurors indicating that they had reached a verdict. The court asked whether either side wanted to make a record "regarding what transpired regarding the verdict sheet." When neither the prosecutor nor defense counsel wished to make a record, the court inquired further, "Do you agree or disagree that with respect to the mistake on the verdict sheet that that was the method that we should have proceeded on regarding that mistake on the verdict sheet?" Defense counsel replied, "Well, without knowing the mistake I would assume that it was the correct method." The court then called in the jury, which rendered a verdict finding the defendant guilty of criminal possession of a weapon in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, and operating a motor vehicle with defective taillights.
After the jury was discharged, the Supreme Court explained to the parties that the verdict sheet sent during deliberations had indicated "guilty" on all counts, that the jury had subsequently corrected the mistake, and that the foreperson had initialed the verdict sheet. Defense counsel declined the court's offer to make a record at that point. The verdict sheet itself reflects a marking of "Guilty" on all counts, with the marking on count two crossed out and initialed by the foreperson.
"[A] defendant has the right to be present during all critical stages of a trial and . . . this includes the right to be present when the jury is given instructions or information by the court" (People v Bonaparte, 78 NY2d 26, 30). "Equally true is that the court may not delegate to a nonjudicial staff member its authority to instruct the jury on matters affecting their deliberations" (id. at 30). While "[a] Trial Judge may properly authorize a court officer to speak to a deliberating jury when the subject of the communication is administerial[,] . . . a Trial Judge who authorizes a court officer to communicate with a jury on matters which are not administerial not only errs, but commits an error so grave as to warrant reversal even though the defendant's attorney might have consented to the occurrence of the error" (People v Buxton, 192 AD2d 289, 290 [citations and internal quotation marks omitted]; see CPL 310.10[1]; People v Torres, 72 NY2d 1007, 1008-1009).
Here, the Supreme Court improperly delegated a judicial duty to a nonjudicial staff member at a critical stage of the proceedings. Contrary to the People's contention, the instruction was not a mere ministerial matter. Under the circumstances, where the jury was deliberating and had expressed confusion about the relationship between counts one and two, the court's rejection of the verdict sheet and the instruction to correct it was an instruction regarding the jury's deliberation (see People v Torres, 72 NY2d at 1009; People v Gray, 143 AD3d 909, 910). Thus, the defendant was absent during a critical stage of the trial, and the court improperly delegated a judicial duty to a nonjudicial staff member (see People v Bonaparte, 78 NY2d at 30; People v Gray, 143 AD3d at 910). Harmless error analysis is inapplicable, and the error is per se reversible (see People v Torres, 72 NY2d at 1008-1009; People v Gray, 143 AD3d at 910).
In light of our determination, we need not address the defendant's remaining contention.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court