■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BONAMASSA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered September 8, 1988, convicting him of attempted grand larceny in the third degree and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During their deliberations, the jury sent out a note inquiring whether it was their duty to arrive at a verdict with respect to both of the counts submitted to them, that is, attempted grand larceny in the third degree and attempted grand larceny in the fourth degree. In formulating its response to this inquiry, the trial court was required to make a decision on a question of law. The trial court's resolution of this question of law, and its subsequent written response to the jury's note, may well have been substantively correct. However, it was plainly a serious procedural error to issue this response in the absence of the defendant. The provisions of CPL 310.30 are unambiguous and, without exception or reservation, *require* the presence of the defendant whenever the court responds to an inquiry from a deliberating jury. Since the trial court's brief supplemental instructions to the jury entailed an explanation of law, the function of the court in issuing such instructions cannot be considered purely ministerial. Therefore, the court's error in failing to comply with the provisions of CPL 310.30 cannot be considered harmless (see, *People v Mehmedi*, 69 NY2d 759; *People v Miller*, 149 AD2d 439, 440; cf., *People v Sterling*, 141 AD2d 680). Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.