■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY DIXON, Appellant. [596 NYS2d 18] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered February 14, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of 3½ to 7 years, unanimously affirmed.

Though no proof was produced at trial that a projectile was discharged when defendant fired his gun three times, the circumstantial evidence precludes any reasonable hypothesis that defendant was shooting blanks. Defendant's stated purpose in returning to the scene of his friend's shootout with the police was revenge, defendant fired his weapon while officers were conducting their on-the-scene investigation, and one bent on revenge does not ordinarily fire blanks. Thus, the evidence supports the verdict.

Defendant's claim that his right to be present at trial was violated because the jury foreman was given "supplemental instructions" is unpreserved. Defendant consented to the procedure with which he now takes issue. Moreover, the circumstances here are distinguishable from those in *People v Carr* (168 AD2d 213) in that here the foreman was essentially told no more than to write a note to the court about the jury's concerns.

We do not find that the prosecutor wrongly implicated

defendant in the prior shooting, or that defendant's sentence is improperly based on the charges for which he was acquitted. Concur—Murphy, P. J., Milonas, Rosenberger and Wallach, JJ.