■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEEM D. ALI, Appellant. [601 NYS2d 315] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered August 15, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

During their deliberations the jury sent out a note requesting a copy of the part of the Penal Law regarding the definition of possession. The court proceeded to give the jury the entire charge in connection with the definition of criminal possession of a controlled substance in the third degree. The defendant contends on appeal, inter alia, that his conviction must be reversed because he was deprived of his right to be present during the foregoing portion of the trial. We agree.

CPL 310.30 provides that when a deliberating jury requests additional instructions, the court must return the jury to the courtroom and, after proper notice to counsel and in the presence of the defendant, give such requested information or instructions as the court deems proper (see, People v Mehmedi, 69 NY2d 759, 760). It was a serious procedural error for the trial court in this case to issue its response to the jury in the defendant's absence (see, People v Charles, 176 AD2d 891;

*People v Bonamassa,* 160 AD2d 888). Moreover, the defense counsel's consent to this procedure may not be imputed to the defendant *(see, People v Barker,* 183 AD2d 835). Finally, the trial court's error in failing to comply with the provisions of CPL 310.30 cannot be considered harmless *(see, People v Mehmedi, supra; People v Bonamassa, supra).* We find no merit to the defendant's remaining contentions. Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.