◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO CABALLERO, Appellant. [634 NYS2d 392] —Appeal by the defendant from a judgment of the County Court, Nassau County (Lipp, J., at trial; Wexner, J., at sentence), rendered March 29, 1988, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and conspiracy in the second degree, upon a jury verdict and imposing sentence. By a decision and order of this Court dated July 31, 1995, the defendant's application for a writ of error coram nobis was granted, the decision and order of this Court dated April 9,

1990, was vacated, and the appeal was restored to this Court's calendar for October 11, 1995 *(see, People v Caballero,* 160 AD2d 810).

Ordered that the judgment is reversed, on the law, and a new trial ordered.

As the People concede, the defendant was absent from the courtroom when supplemental instructions were given to the jury. It is well settled that this error was a serious procedural error to which harmless error analysis does not apply *(see,* CPL 310.30; *People v Mehmedi,* 69 NY2d 759; *see also, People v Cain,* 76 NY2d 119; *People v Ciaccio,* 47 NY2d 431). It is also well settled that defense counsel's consent thereto may not be imputed to the defendant *(see, People v Lara,* 199 AD2d 419; *People v Ali,* 196 AD2d 544; *People v Jones,* 159 AD2d 644).

The People argue that, since the supplemental instruction ultimately related to only one of the crimes of which the defendant was convicted, a reversal of that conviction only is warranted. This argument, however, is essentially an invitation to apply harmless error analysis to the circumstances of this appeal, and it must be rejected *(see, People v Mehmedi, supra; see also, People v Barker,* 183 AD2d 835; *People v Hewlett,* 133 AD2d 417). Sullivan, J. P., Rosenblatt, Miller and Thompson, JJ., concur.