■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PORTER, Appellant. [633 NYS2d 1019] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered November 10, 1993, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial is ordered.

A defendant has the right to be present at all material stages of the trial, including, *inter alia,* any nonministerial supplemental communications to a jury *(see, People v Bonaparte,* 78 NY2d 26; *People v Ciaccio,* 47 NY2d 431). A violation of this right goes to the basic organization of the court *(see, People v Ahmed,* 66 NY2d 307; *People v Mehmedi,* 69 NY2d 759). Thus, a waiver of such right by counsel is ineffective absent the express consent of the defendant, or the defendant's ratification thereof *(see, People v Carroll,* 196 AD2d 546; *see also generally, People v Mehmedi, supra).* We find that under the circumstances of this case, the defendant's right to be present was violated. We therefore reverse the judgment and direct that a new trial be held.

In light of this determination we need not reach the defendant's remaining contention. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.