■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVADOR GALDAMEZ, Appellant. [652 NYS2d 65] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 13, 1994, convicting him of rape in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. Justice Thompson has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and a new trial ordered.

The defendant contends that the trial court improperly permitted the clerk, outside of its presence, to clarify its unlawful imprisonment charge to the jury. He argues that this constituted an improper delegation of judicial authority, which also abridged his right to be present at all critical stages of trial. We agree. It is well settled that a defendant has the right to be present during all critical stages of a trial and this includes the statutory right to be present when the jury is given instructions or information by the court (*see,* CPL 310.30; *People v Mehmedi,* 69 NY2d 759). The court may not delegate to a nonjudicial staff member its authority to instruct the jury on matters affecting their deliberations (*see, People v Bonaparte,* 78 NY2d 26, 30; *People v Torres,* 72 NY2d 1007). Here, the clerk's instruction to the jury that the unlawful imprisonment charge applied only to one of the two victims was not administerial in nature, as the jury was clearly seeking clarification of the court's charge. Since the jurors were provided with information within the ambit of CPL 310.30 the defendant was deprived of his right to be present at a material stage of trial.

Harmless error analysis does not apply to this violation (*see,* CPL 310.30; *see also, People v Mehmedi, supra,* at 760; *People v Ali,* 196 AD2d 544, 545).

The People argue that, since the instruction related to only the crime of unlawful imprisonment, a reversal of that convic-

tion only is warranted. This argument, however, "is essentially an invitation to apply harmless error analysis to the circumstances of this appeal, and it must be rejected" (*People v Caballero*, 221 AD2d 459).

In view of the foregoing, we need not address the parties' remaining contentions. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.