■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY HERRMANN, Appellant. [721 NYS2d 27] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered June 11, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 2 to 6 years, unanimously affirmed.

Defendant's claim that his right to be present at trial was violated is unreviewable because the record does not establish defendant's exclusion from the proceeding at issue. In any event, defendant was not entitled to be present at the colloquy with a deliberating juror at which no substantive instructions were delivered. When, during deliberations, a juror asked to speak to the court about a "personal matter," but in fact began discussing, without particularization, the jury's inability to reach a verdict, the court instructed this juror that such a communication must be in writing. Significantly, both counsel were also present and no objection was raised. This routine instruction did not require defendant's presence (*People v Dixon*, 192 AD2d 338, *lv denied* 81 NY2d 1013; *see also*, *People v Bonaparte*, 78 NY2d 26). The record fails to support defendant's assertion that the court conveyed additional information to the juror by implication. Similarly, there was no violation of the statutory procedures for responding to jury communications (CPL 310.30). We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Friedman, JJ.