■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GINYARD, Appellant. [725 NYS2d 294] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered January 7, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to an indeterminate prison term of 6 to 12 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant's right to be present during a critical stage of a trial was violated when the court gave supplemental instructions to the jury in his absence (see, CPL 310.30; People v Ciaccio, 47 NY2d 431, 436-437). Contrary to the People's contention, these instructions were not merely "ministerial." In addition to reminding the jurors that they could request additional instructions or readbacks of testimony, the court counseled them to "be a participant with each other in the deliberations. Exchange with each other all of your views, all of your thinking, all of your ideas. That's what deliberation's all about." The court also exhorted the jurors to "pick up, take the evidence that has [been] introduced in the case and make sure that you look at it, you touch it, you feel it, you read it over. What it is is evidence in the case and it's all available to you." These instructions "went to the very heart of the jury's work" (People v Harris, 76 NY2d 810, 813 n [Titone, J., dissenting]). As it was a fundamental error to give the jury supplemental instructions in defendant's absence, the judgment must be reversed and a new trial ordered (Ciaccio, supra). Concur—Rosenberger, J. P., Nardelli, Ellerin, Wallach and Rubin, JJ.