■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FENTON ARTWELL, Appellant. [736 NYS2d 591] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered December 9, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The gist of the court's instruction to each of the jurors who asked to speak to the judge and asked for information was simply a reminder that all inquiries on the law and the evidence must be in writing. These reminders were not supplemental instructions, but rather were ministerial directives which did not require defendant's presence (*People v Herrmann*, 280 AD2d 349; *People v Nova*, 198 AD2d 193, *lv denied* 83 NY2d 308; *People v Dixon*, 192 AD2d 338, *lv denied* 81 NY2d 1013). Similarly, even if we were to accept defendant's argument that the court implicitly instructed these jurors to convey these directives to the rest of the jury, there was no improper "delegation" of judicial authority (*see, People v Bonaparte*, 78 NY2d 26).

Defendant's remaining claims require preservation (*see, People v Agramonte*, 87 NY2d 765), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find no support in the record for defendant's assertions that the jury deliberated without the presence of all of its members and that the confidentiality of jury deliberations was breached. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.