■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URSULINA DINI, Appellant. [741 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered February 19, 1999, convicting her of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was arrested following the execution of a search warrant in her apartment, wherein the police discovered, among other things, significant quantities of cocaine and packaging paraphernalia.

During the first day of deliberations, the jury sent two notes to the trial court. As there was confusion about the content of one of these notes, the court to save time proposed speaking to the jury on the record in the jury room, accompanied by the

prosecutor and defense counsel. The defense counsel acquiesced to this procedure. The court then asked the defendant whether she would consent to discussions with the jury in her absence to clarify the questions, and the defendant consented. The court addressed the jury in the jury room, ascertained what additional information it wanted, and left the room (*see People v Harris,* 76 NY2d 810). On the second day of deliberations, the relevant readbacks and recharges were given in the courtroom in the defendant's presence.

On that second day, after resuming its deliberations, the jury submitted another note, asking whether the concept of constructive possession applied to all possession counts. Without consulting the defendant, the court, both counsel, and the court reporter went to the jury room, where the court paraphrased the jury's inquiry, answered "yes," and left. Shortly thereafter, the jury returned its verdict.

The defendant contends that she was absent from a material phase of the trial. She asserts that her waiver on the first day of deliberations of the right to be present applied only to the clarification of the jury notes on that first day, not from the discussion that occurred on the second day in the jury room. We are constrained to agree.

A criminal defendant has the absolute right to be present at all material stages of trial (*see* CPL 260.20; *People v Roman,* 88 NY2d 18; *People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656), including when the court gives additional instructions to the jury (*see People v Harris, supra; People v Mehmedi,* 69 NY2d 759; *People v Ciaccio,* 47 NY2d 431). Moreover, pursuant to CPL 310.30, when a deliberating jury requests further instruction, the court "must direct that the jury be returned to the courtroom * * * and in the presence of the defendant, must give such requested information or instruction as the court deems proper." Here, the court erred, and violated the defendant's statutory rights, by delivering additional instructions on the law, albeit briefly, in the jury room in the defendant's absence (*see People v Ginyard,* 282 AD2d 256; *People v Vargas,* 278 AD2d 807; *People v Galdamez,* 234 AD2d 608; *People v Caballero,* 221 AD2d 459; *People v Ali,* 196 AD2d 544; *People v Charles,* 176 AD2d 891; *People v Bonamassa,* 160 AD2d 888).

There is no merit to the prosecution's contention that the defendant's waiver of her right to be present during the court's clarification of the notes from the jury on the first day of deliberations extended to the court's delivery of supplemental instructions the second day. The defendant expressly consented

only to being absent while the court went to ask the jurors "to clarify two of the questions that they say they wanted answered—or two of the readbacks they want us to do for them." The defendant was not asked, and thus did not consent, to being absent from the delivery of supplemental instructions on the second day of deliberations (*see People v Porter,* 221 AD2d 483). Accordingly, she is entitled to a new trial.

The defendant's contentions as to the propriety of the search warrant are unpreserved for appellate review (*see People v Younis,* 265 AD2d 931; *People v Pettigrew,* 255 AD2d 969; *People v Gandarilla,* 244 AD2d 500). Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.