■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID QUEZADA, Appellant. [758 NYS2d 801] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered May 23, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. In this unusual "buy and bust" case in which the undercover officers seized defendant themselves and held him for the arresting officer, the People met their burden of establishing probable cause for the arrest through the testimony of the arresting officer alone. The chain of events, viewed as a whole, clearly warranted the conclusion that there was a drug transaction and' that defendant was the seller (see People v Amoateng, 141 AD2d 398 [1988], lv denied 73 NY2d 852 [1988]; see also People v Ketcham, 93 NY2d 416 [1999]).

The court properly found defense counsel's peremptory challenge to a juror to be pretextual and seated the juror. The record supports the court's credibility-based determination, which is entitled to great deference on appeal (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]).

Defendant was not deprived of his right to be present during the court's discussion with a deliberating juror, because the court did not deliver any substantive instructions (compare People v Herrmann, 280 AD2d 349 [2001], lv denied 96 NY2d 919 [2001], with People v Ginyard, 282 AD2d 256 [2001], lv withdrawn 96 NY2d 862 [2001]). Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.