■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERTO CORDERO, Appellant. [764 NYS2d 642] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered January 24, 2001, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In *People v Dini* (292 AD2d 631 [2002]), we reversed a judgment of conviction rendered after a jury trial because the court responded to a jury request for further instructions in the jury room, without the defendant's consent, in his absence. We held that this constituted a deprivation of the defendant's right to be present at all material stages of the trial. In the instant case, the defendant argues that he, too, is entitled to a new trial because the court responded to a note from the jury in the jury room in his absence, without his consent. We disagree.

The facts of the instant case are clearly distinguishable from those in *Dini (supra).* There, the Court answered an inquiry in the jury room, giving supplemental instructions in the defendant's absence and without his consent. This was reversible error (*see People v Ciaccio,* 47 NY2d 431, 436-437 [1979]). Here, the court obtained the defendant's consent to enter the jury room with counsel and the court reporter to obtain clarification of a written note from the jury. After ascertaining the substance of the jury's note, the court began to instruct the jury on the elements of knowing and unlawful possession, but was immediately interrupted by counsel. The court recognized its mistake, promptly left the jury room and recalled the jury to the courtroom where it then provided a full recharge, in open court, on the record, and in the defendant's presence.

It is well settled that a defendant's absence from preliminary discussions regarding a *Sandoval* (*see People v Sandoval,* 34 NY2d 371 [1974]) issue can be remedied by the holding of a de

novo *Sandoval* hearing at which the defendant is given an opportunity to materially participate (*see People v Favor,* 82 NY2d 254 [1993]; *People v Hailey,* 221 AD2d 466 [1995]). Similarly, the deprivation of a defendant's *Antommarchi* rights (*see People v Antommarchi,* 80 NY2d 247 [1992]) during a sidebar conference of a prospective juror in the defendant's absence may be remedied by a de novo inquiry of the prospective juror in the defendant's presence (*see People v Camacho,* 90 NY2d 558 [1997]; *People v Roman,* 88 NY2d 18, 27 [1996]; *People v Thompson,* 262 AD2d 666 [1999], *cert denied* 532 US 1055 [2001]). We discern no reason why this kind of curative analysis may not be applied to the facts of this case. The court's error was de minimus, and it was promptly cured by the de novo recharge in the courtroom on the record and in the defendant's presence. Thus, *People v Dini (supra)* is inapplicable.

The defendant's remaining contentions are without merit. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.