■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNER RIVERA, Appellant. [958 NYS2d 222]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 23, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered on the count of the indictment charging the defendant with criminal possession of a weapon in the second degree.

"A criminal defendant has the absolute right to be present at all material stages of trial" (*People v Dini*, 292 AD2d 631, 632 [2002]; *see* CPL 260.20; *see also Snyder v Massachusetts*, 291 US 97, 105-106 [1934]). "This necessarily includes . . . all proceedings dealing with the court's charge, admonishments and instructions to the jury, where the court is required to state the fundamental legal principles applicable to criminal cases generally, as well as the material legal principles applicable to a particular case and the application of the law to the facts" (*People v Ciaccio*, 47 NY2d 431, 436 [1979] [citations omitted]; *see People v Collins*, 99 NY2d 14, 17 [2002]; *People v Harris*, 76 NY2d 810, 812 [1990]). "[T]he presence of the defendant and his counsel is constitutionally required whenever supplemental instructions are given" (*People v Ciaccio*, 47 NY2d at 437-436, citing US Const 6th Amend; NY Const, art I, § 6; *see People v Harris*, 76 NY2d at 812). Moreover, pursuant to CPL 310.30, when a deliberating jury requests further instruction, the court "must direct that the jury be returned to the courtroom . . . and in the presence of the defendant, must give such requested information or instruction as the court deems proper" (*People v Collins*, 99 NY2d at 17 [internal quotation marks omitted]; *see People v Mehmedi*, 69 NY2d 759, 760 [1987]; *People v Dini*, 292 AD2d at 632; *People v Galdamez*, 234 AD2d 608, 608 [1996]).

Here, the Supreme Court erred when it received and answered a series of questions from a juror inside the robing room and outside the presence of the defendant, defense counsel, the prosecutor, and the other jurors (*see People v Dini*, 292 AD2d at

632). The juror's questions, which inquired into, among other topics, when the defendant could be deemed to be responsible "by the law," were not purely ministerial as they directly related to the substantive legal and factual issues of the trial (*see People v Galdamez*, 234 AD2d at 608; *cf. People v Harris*, 76 NY2d at 812). Since the error affects " 'the organization of the court or the mode of proceedings prescribed by law' " (*People v Ahmed*, 66 NY2d 307, 310 [1985], quoting *People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]), preservation is not required, and the issue of law is presented for review "even though counsel may have consented to the procedure" (*People v Mehmedi*, 69 NY2d at 760; *see People v Ahmed*, 66 NY2d at 310; *cf. People v Cordero*, 308 AD2d 494, 494 [2003]). Moreover, under these circumstances, "harmless error analysis is not appropriate" (*People v McCune*, 98 AD3d 631, 633 [2012] [internal quotation marks omitted]; *see People v Mehmedi*, 69 NY2d at 760-761).

Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial on the count of the indictment charging the defendant with criminal possession of a weapon in the second degree. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.