■ The People of the State of New York, Respondent, v Fred Kolman, Appellant. — Judgment of the Supreme Court, New York County (Preminger, J.), rendered June 26, 1980, convicting defendant, on his plea of guilty, of grand larceny in the second degree and sentencing him to an indeterminate term of imprisonment of from two and one-third to seven years, to run concurrently with a Federal term of zero to seven years, is reversed, on the law and facts and in the exercise of discretion, the sentence vacated and the matter remanded for resentencing. The defendant admitted the theft of funds totaling

* Defendant contends that service of the summons was a month earlier, but this makes no practical difference.

some $240,000 from an 81-year-old widow. Defendant had previously been convicted on unrelated felony charges in Federal court and received a sentence of up to seven years. Upon the sentencing below, in addition to imposing the prison term, the court ordered the defendant to make restitution and also fined him. The People concede that the court was not empowered to impose the requirement of restitution because when defendant was sentenced on June 26, 1980, such a condition could be directed only together with a term of probation or conditional discharge, not where a prison sentence had been imposed. (Cf. Penal Law, § 65.10, subd 2, par [f] [L 1965, ch 1030], with Penal Law, § 60.27, subd 5 [L 1980, ch 290, § 6].) The record reflects the strong likelihood that the defendant possesses considerable assets in Europe which would be available for restitution purposes. The prison term imposed by the court was not a consecutive one. It was made concurrent with the defendant's previously imposed Federal prison sentence of zero to seven years. Under these circumstances, the court may wish to impose probation with the condition of restitution, instead of the State term of imprisonment. A term of State imprisonment, although richly deserved, may never in fact be served, since it is concurrent with the Federal prison sentence. There is a discrepancy as to the amount of the fine. The sentence minutes indicate it to be $1,000. The indorsements in the record fix the fine at $100,000. Although it seems likely that the amount of the fine was $100,000 and that there was a typographical error in the sentencing minutes, the court can resolve the doubt upon this remand. We note that defendant was given a very lenient sentence for a very serious crime. The suggestions herein, although not binding on the sentencing court, are made with the view to perhaps ameliorate the impact of defendant's crime on his victim, without in any way reducing his punishment. A copy of this decision and the sentencing court's *de novo* disposition shall be forwarded to the appropriate Federal parole officials. Concur — Kupferman, J. P., Ross, Lupiano, Bloom and Asch, JJ.