OPINION OF THE COURT
Irving Lang, J.
Does the failure of a defendant to pay a penalty assessment by a particular date justify a charge of bail jumping? This motion to dismiss requires review of the legal principles, practices and procedures relating to sentences of monetary penalties, be they termed fines, penalty assessments, or mandatory surcharges.
THE FACTS
The defendant was arrested on March 9, 1983, charged with loitering for prostitution. (Penal Law, § 240.37.) Arraigned in Night Court on March 11, 1983, the defendant pleaded guilty and was sentenced to time served. In addition the Judge imposed a penalty assessment of $40 pursuant to section 60.35 (subd 1, par [b]) of the Penal Law. The defendant was released on her own recognizance and given until April 4,1983 to pay the penalty assessment. On April 4, 1983, the penalty assessment not having been paid, and the defendant not appearing, a bench warrant was issued for her arrest.
On May 11, 1983 the defendant was arrested on the warrant. On May 12, 1983 the defendant was brought before the court where she paid the penalty assessment of *526 $40 satisfying the previous sentence. However the District Attorney filed a new information charging her with bail jumping in the second degree for her failure to appear on April 4, 1983 or within 30 days thereafter.
THE ISSUE
Does a bail jumping information lie for failure to pay a penalty assessment?
Section 60.35 of the Penal Law, enacted in 1982, provided that persons convicted of crimes and Penal Law violations are, in addition to any sentence, required to pay a penalty assessment of $75 for a felony conviction, $40 for a misdemeanor, and $15 for a violation. (A 1983 amendment, inter alia, changed the phrase “penalty assessment” to “mandatory surcharge”.) Whatever the lexicographic appellation, it is clear that this becomes a part of the court’s sentence.
CPL 420.35 provides that penalty assessments (now mandatory surcharges) are to be treated in the same manner as fines.
FINES
CPL 420.10 et seq. set the statutory framework for the collection of fines, restitution, or reparation.
CPL 420.10 (subd 1) provides for alternative methods of payments of the fines either at the time of sentence or at a later date or at periodic intervals.
CPL 420.10 (subd 2) states that “[w]here the court imposes a fine, the sentence may provide that if the defendant fails to pay the fine in accordance with the direction of the court, the defendant must be imprisoned until the fine is satisfied.” The imprisonment may not be for more than one third of the maximum sentence nor can that imprisonment together with a jail term exceed the maximum sentence. (People v Saffore, 18 NY2d 101; Williams v Illinois, 399 US 235; see, also, Tate v Short, 401 US 395.)
Although a sentence of a fine or imprisonment is often couched in alternative terms, this is a misnomer. The jail portion is not an alternative punishment but rather a means of enforcing payment of the monetary penalty.* This *527 is obvious from reading CPL 420.10 (subd 5), which provides that, though the defendant was imprisoned for failure to pay his fine, the imprisonment does not discharge the obligation which may be collected in a civil action.
CPL 420.10 (subd 2) also provides that when the defendant fails to pay a fine as directed, the court may order a bench warrant for his arrest (cf. CPL 120.20, 500.10, subd 2; 540.10, for additional authority).
Within this setting, it would seem that a bail jumping information is appropriate for failure to pay a fine, penalty assessment or mandatory surcharge. However, the bail jumping statute is more restrictive than the power of the court to issue bench warrants. The bail jumping statute reads as follows:
“§ 215.56 ***
“A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.
“Bail jumping in the second degree is a class A misdemeanor.” (Penal Law, § 215.56; emphasis supplied.)
As the statute indicates, before a person can be charged with bail jumping, his personal appearance is required in court in a criminal proceeding.
Where a fine or penalty assessment is imposed and the defendant is given time to pay, current practices and procedures do not mandate the personal appearance of the defendant. The penalty assessment may be paid before the adjourned date. The defendant is not personally required to pay the penalty. It may be paid by someone on his behalf. In fact, there are procedures for paying by mail.
Therefore, no appearance of the defendant, absent a specific direction from the court, is required.
*528 There is no evidence in this case that the court issued a special directive to the defendant to appear in the event the penalty assessment was not paid by the adjourned date. Accordingly, the motion to dismiss is granted.

 Although somewhat inconsistent with the theory, a 1977 amendment now gives jail time credit for penalty assessment as well as for a definite sentence. (CPL 420.10, subd 3, par [e]; Penal Law, § 70.30.)