OPINION OF THE COURT
William D. Friedmann, J.
SENTENCING MEMORANDUM
Defendant was convicted of grand larceny in the second *1052 degree (class D felony) on April 15, 1983. Defendant was acquitted on the second count of the indictment of grand larceny in the third degree by the jury. He was sentenced to an indefinite term of 2 to 6 years’ imprisonment and also sentenced to make restitution to the estate of Julia Tenebra in the sum of $125,000 pursuant to Penal Law § 60.27 (1), (5) (b). Repayment was to be made in monthly installments, to begin within six months of the sentencing date.
RELEVANT FACTS
Peter Bertucci, an attorney, was found guilty at a trial by jury of grand larceny in the second degree (class D felony) for stealing moneys from the estate of Julia Tenebra, while he was executor of the estate. At trial, the defendant testified that he owned a house and land in Lawrence, Long Island, valued at $170,000.
After a presentence hearing on August 15, 1985, the defendant was sentenced to an indefinite term of 2 to 6 years’ imprisonment, along with making restitution to the estate. At the time of sentencing, the court stipulated that in the event the defendant failed to make restitution within six months of August 15, 1985, further incarceration could ensue, pursuant to Penal Law § 60.27 (3) and CPL 420.10 (3), (4). To that end, the court retained jurisdiction over the defendant, and scheduled a restitution hearing to take place six months after the defendant began his period of incarceration.
On April 22, 1986, a restitution hearing was held and the court found that the defendant had made absolutely no attempt to make restitution. At that time, the defendant had made no attempt to sell his Long Island home.
RELEVANT LAW
Penal Law § 60.27, enacted on September 1, 1980, authorized the courts to require restitution in addition to any other disposition authorized by Penal Law § 60.27 (1). Penal Law § 60.27 (3) provides: "The provisions of sections 420.10, 420.20 and 420.30 of the criminal procedure law shall apply in the collection and remission of restitution and reparation.” CPL 420.10 (3) provides that if the defendant fails to make restitution as ordered by the court, the defendant may be imprisoned until such time the restitution has been made. These statutes authorize imposition of a harsher sentence than was permitted under prior law. It is well-settled law that where a *1053 criminal statute increases the punishment for previously committed crimes, the statute may not be applied retroactively (People v Winston, 92 AD2d 740 [1983]; see, People v Lynch, 85 AD2d 126, citing US Const, art I, § 10; People v Oliver, 1 NY2d 152).
The Appellate Division in People v Kolman (88 AD2d 549 [1982]) addressed the issue of when Penal Law § 60.27 would be applicable in respect to sentencing a convicted defendant to a term of imprisonment along with an order to make restitution. The court held that Penal Law § 60.27 applies at the time of sentencing, not at the time the crime occurred. On June 26, 1980, Kolman (supra) was convicted of grand larceny in the second degree and sentenced to make restitution and to an indefinite term of imprisonment of 2 Vs to 7 years. At that time, restitution could only be ordered as part of the sentence in cases where probation or conditional discharge was imposed pursuant to Penal Law § 65.10 (2) (f). The defendant, in the instant case, was sentenced on August 15, 1985, five years after Penal Law § 60.27 was enacted. Thus, Penal Law § 60.27 is the statute to follow in this case.
"Although a sentence of a fine (restitution) or imprisonment is often couched in alternative terms, this is a misnomer. The jail portion is not an alternative punishment but rather a means of enforcing payment of the monetary penalty. This is obvious from reading CPL 420.10 (subd 5), which provides that, though the defendant was imprisoned for failure to pay his fine [restitution], the imprisonment does not discharge the obligation which may be collected in a civil action” (People v Sanchez, 119 Misc 2d 525, 526-527 [1983]). Case law has further established that there is no constitutional infirmity in a defendant’s imprisonment for failure to pay a fine [restitution] where the equity in the defendant’s property established defendant had the means to pay it (People v McArdle, 55 NY2d 639 [1981]).
The defendant, in the instant case, was sentenced to a prison term and ordered to make restitution. The court, at the time of sentencing, retained jurisdiction over the defendant in order to ensure that the restitution was made. It is clear therefore that restitution here is not to be considered as a separate punishment, but rather as part of the original sentence. Furthermore, it has clearly been established that where a defendant has the means to pay a monetary judgment in a criminal case, the imposition of a term of imprisonment does not extinguish the monetary judgment. This is true even in *1054 cases where the defendant has been sentenced to serve more prison time for failure to comply with the monetary judgment.
Although CPL 420.10 (4) provides, in part, that the court may direct that the defendant be imprisoned until such restitution is satisfied, there are some limitations. CPL 420.10 (4) (a) states that "[w]here the fine, restitution or reparation is imposed for a felony, the period may not exceed one year”, and CPL 420.10 (4) (d) provides that "[w]here a sentence of imprisonment as well as a fine, restitution or reparation is imposed, the aggregate of the period and the term of the sentence may not exceed the maximum authorized term of imprisonment.” The sentencing provision, Penal Law § 70.00, sets the maximum term of imprisonment for a class D felony at 3 to 7 years’ imprisonment.
APPLICATION TO THIS CASE
The court, therefore, vacates the prior sentence of 2 to 6 years, resentencing the defendant to 2 Vs to 7 years’ imprisonment, nunc pro tunc, pursuant to Penal Law § 60.27 (3) and CPL 420.10 (3), (4).
The court has clearly followed statutory and case law when the original sentence was vacated and the new sentence provided a term of incarceration of 2 Vs to 7 years’ imprisonment, nunc pro tunc, for failure to comply with the restitution order.
FURTHER DIRECTIONS
At the restitution hearing, the court also directed the District Attorney to file suit in civil term in order to ensure that restitution be made to the estate of Julia Tenebra. This order is pursuant to CPL 420.10 (6) which provides, in pertinent part, that "[e]ven though the defendant was imprisoned for failure to pay a fine, restitution or reparation, or has served the period of imprisonment imposed, a fine, restitution or reparation may be collected in the same manner as a judgment in a civil action. The District Attorney may, in his discretion, and must, upon order of the court, institute proceedings to collect such fine, restitution or reparation.” The court orders the initiation of civil proceedings on the grounds that the defendant owns a home in Lawrence, Long Island, and therefore there is no reason and/or excuse as to why the defendant failed to make restitution to the estate of Julia Tenebra.