■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN BENNOR, Appellant. [643 NYS2d 739]

As the result of an incident in which she attempted to prevent police officers from responding to a domestic dispute, defendant pleaded guilty to the crime of obstructing governmental administration in the second degree and was sentenced to three years' probation. Among the conditions of her probation, defendant was required to enroll in and successfully complete a G.E.D. program and to bear the costs of an electronic monitoring program as well as other fees and surcharges. Defendant argues, inter alia, that these conditions are not reasonably related to her rehabilitation or authorized by law.

Initially, Penal Law § 65.10 (2) (c) provides that a court may require as a condition of probation that a defendant "faithfully pursue a course of study * * * that will equip [her] for suitable employment". Given this statutory language, County Court had full authority to require defendant to enroll in a G.E.D. program. While defendant's successful completion cannot be insured at this juncture, County Court's use of such terminology does not render the condition invalid since defendant's successful completion is germane to whether she faithfully pursued a course of study, an issue which may arise in the context of a future probation violation hearing.

We agree with defendant, however, that County Court did not have statutory authority for requiring her to pay for the cost of the electronic monitoring program. Such a condition does not fall within the category of restitution (Penal Law § 65.10 [2] [g]), but is more in the nature of a law enforcement operating expense (see, e.g., People v Purcell, 161 AD2d 812; see also, People v Palmeri, 186 AD2d 1075; People v Raines, 157 AD2d 874). Therefore, that condition of probation must be reversed. We have considered defendant's remaining claims and find them to be without merit.

Cardona, P. J., Mikoll, White, Casey and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by revers-

ing so much thereof as directed defendant to pay the cost of the electronic monitoring program, and, as so modified, affirmed.