OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are affirmed. Defendant was convicted, upon jury verdicts, of obstructing governmental administration in the second degree (Penal Law § 195.05), reckless driving (Vehicle and Traffic Law § 1212), driving without insurance (Vehicle and Traffic Law § 319 [1]), *44 driving at an imprudent speed (Vehicle and Traffic Law § 1180 [a]), failing to stop at a red traffic signal (Vehicle and Traffic Law § 1111 [d] [1]) and failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]). At sentencing, in addition to imposing a period of incarceration and fines, the District Court, without a hearing, ordered that defendant pay restitution to the owner of an automobile damaged by defendant’s car. In a subsequent proceeding, whereat defendant’s presence was waived by his counsel, the court ordered that the sentence as to fines be converted to a civil judgment. In an unrelated matter, defendant was subsequently charged with new offenses and, following a psychiatric evaluation, found incompetent to assist in his own defense.
On appeal, defendant’s appellate counsel argues that, in the course of the trial, the court should have ordered inquiry into defendant’s competency sua sponte, that, in any event, a reconstruction hearing should now be held on the issue of defendant’s competency at his trial, that the restitution order was improper absent a hearing, and that the order directing entry of a civil judgment should not have occurred in defendant’s absence. Counsel also contends that defendant was denied his right to be present at a Sandoval hearing, and at a sidebar hearing wherein the admissibility of a document was discussed. We find these claims to be without merit.
While a trial court may initiate inquiry into a defendant’s competency on its own motion, the determination to do so is left to the court’s “sound discretion” (People v Graham, 272 AD2d 479, 479 [2000]). An inquiry is required only if “there are reasonable grounds for believing that the defendant is incapable of preparing a defense or of understanding the proceedings or the charges against him [or her]” (id.; see People v Morgan, 87 NY2d 878, 880 [1995]; People v Bilal, 79 AD3d 900 [2010]). Upon a review of the record, we cannot conclude that the District Court improvidently exercised its discretion in declining to order a review of defendant’s ability to understand the proceedings and to assist in his own defense (see e.g. People v Monk, 29 AD3d 605 [2006]; People v Snyder, 29 AD3d 310 [2006]; People v Soto, 23 AD3d 586 [2005]). Defendant’s responses to questioning, if occasionally argumentative, were otherwise “appropriate” (People v Pallonetti, 62 AD3d 1027, 1027 [2009]), and did not impress the court, which was in the best position to scrutinize defendant’s communications and demeanor, as collectively raising a question of defendant’s capacity to understand *45 the proceedings against him and to assist in his defense. Defendant’s trial testimony flowed in a rational manner and without any indication of delusional thinking. While defendant may have been verbally aggressive when issues of bail were discussed, and occasionally resistant to the suggestion that he rely on counsel to represent him, the record supports the inference that defendant, in the course of the proceedings below, understood the role of his counsel, the court, the juiy, and other persons involved in the proceedings (People v Graham, 272 AD2d at 480).
As for the necessity of a reconstruction hearing, a subsequent adjudication of incompetency is not evidence of a lack of competency during the subject period (People v Gelikkaya, 84 NY2d 456, 459-460 [1994]; see e.g. People v Bilal, 79 AD3d 900 [2010]). While a hearing “is constitutionally permissible where contemporaneous medical evidence, affording ‘a plenary inquiry into [the] defendant’s competency’ during the relevant proceeding, is available” (People v Galea, 54 AD3d 686, 688 [2008], quoting People v Hudson, 19 NY2d 137, 140 [1967]; e.g. People v Pena, 251 AD2d 26, 31 [1998]), given “the difficulty of retrospectively determining an accused’s competence” (Pate v Robinson, 383 US 375, 387 [1966]), without such evidence, the determination of whether to order a reconstruction hearing, as with the review of the failure to order a competency hearing at a trial sua sponte, largely depends upon a review of the trial record. It is noted that the defense made no CPL 440.10 motion in the District Court seeking to expand the record with transcripts of pertinent proceedings subsequent to the new charges, nor of documentation in relation to the incompetency adjudication.
We also do not agree that the restitution order and proceedings wherein the fines were ordered docketed as a civil judgment were improper. At the August 19, 2004 sentencing, the District Court stated that it had signed a $2,300 restitution order on behalf of “one of the individuals who owned one of the cars that was damaged as a result of [defendant’s] vehicle hitting it,” and ordered that the payments be made through the Probation Department at the rate of $55 per month. There was no objection to the fact or amount of the restitution ordered, and accordingly, this claim is not preserved for appellate review (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Kim, 91 NY2d 407, 410 [1998]; People v Baez, 52 AD3d 840 [2008]). As for the order to docket the fines as a civil judgment (see CPL *46 420.10 [6]), the relief, which defense counsel requested on defendant’s behalf, was a mere ministerial matter required by statute, at which defendant’s presence was not required (People v Vargas, 88 NY2d 363, 375 [1996]; see also People v Velasco, 77 NY2d 469, 472 [1991]; People v Taylor, 29 AD3d 450, 451 [2006]).
As for defendant’s alleged absence from a Sandoval hearing, while defendant was not present at a preliminary discussion as to the issues, there subsequently occurred a full hearing, in defendant’s presence, as to whether and to what extent defendant might be confronted with the fact and underlying circumstances of a prior conviction of trespass, thereby curing any error with respect to defendant’s right to be present and to participate in the hearing (see People v Cordero, 308 AD2d 494 [2003]; People v Richardson, 243 AD2d 515 [1997]; People v Hailey, 221 AD2d 466 [1995]). Defendant’s claim that he was denied his right to be present at a sidebar discussion as to the admissibility of a certified record of the Department of Motor Vehicles is also without merit. At the commencement of trial, defendant validly waived his Antommarchi rights (see People v Antommarchi, 80 NY2d 247 [1992]).
Accordingly, the judgments of conviction are affirmed.
Nicolai, EJ., Molía and Iannacci, JJ., concur.