*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                    106480
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
            v                                   MEMORANDUM AND ORDER

BRIAN HAKES,
                         Appellant.
_____

Calendar Date:  September 12, 2016

Before:  Egan Jr., J.P, Lynch, Devine, Clark and Mulvey, JJ.

_____

        Donna Maria Lasher, Youngsville, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered December 4, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In April 2013, defendant was convicted of driving while
intoxicated, a class E felony, and sentenced to five years of
probation, the first six months of which defendant was required
to serve in county jail.  The sentence of probation included a
special condition requiring defendant to wear a Secure Continuous
Remote Alcohol Monitoring (hereinafter SCRAM) bracelet and to pay
the Rocky Mountain Offender Management System (hereinafter RMOMS)
the costs and fees associated with its monitoring of that

bracelet.[1]  Although defendant wore the SCRAM bracelet for several months and two payments were made to RMOMS, in September 2013 the SCRAM bracelet was removed because defendant informed RMOMS that he was unable to make the payments required for continued use of the bracelet.  Thereafter, a violation of probation petition was filed against defendant, alleging that defendant had failed to make the necessary payments to RMOMS for continued use of the SCRAM bracelet and that he was over $700 in arrears.  Following an evidentiary hearing, County Court found that defendant violated the cited terms of his probation based primarily upon his failure to make adequate efforts to pay the costs required for his continued use of the SCRAM bracelet and revoked his probation.  The court sentenced defendant to a prison term of 1 to 3 years and imposed certain conditions relative to defendant's postrelease supervision, including that he maintain employment, satisfy certain financial obligations and abide by drug and alcohol conditions.  Defendant now appeals, contending that his violation of probation and sentence of imprisonment were improperly based upon his indigence and that he had made sufficient good faith efforts to pay the costs required of him.

We reverse.  Initially there is no dispute that, at the time of sentencing, defendant did not protest the condition of his sentence that required the SCRAM bracelet, and, at the time that defendant received the SCRAM bracelet, he acknowledged that he was financially responsible for the cost of the device.  He raised no objection to that obligation, ceased making payments,

---

[1]  A SCRAM bracelet is a transdermal alcohol detection device that continuously measures the alcoholic content of perspiration.  The device is "an ankle bracelet that gathers information and transfers that information to a computer for purposes of analysis.  Essentially the role of a SCRAM device is to provide the equivalence of ongoing breathalyzers.  The fundamental difference between a breathalyzer and a SCRAM [device] is that a breathalyzer analyzes the gas within an individual's lungs, while the SCRAM [device] analyzes the gas [or vapors] leaving an individual's skin" (Matter of Angel P., 39 Misc 3d 264, 265 n 1 [Fam Ct, Clinton County 2013]; see Matter of Ashley E. [Mark E.], 68 AD3d 1185, 1187 [2009]).

never applied for resentencing (see CPL 420.10 [5] [d]), or requested a modification of the conditions of his probation (see CPL 410.20 [1]). Although not raised by defendant in his brief, we are compelled to find "that County Court did not have statutory authority for requiring [defendant] to pay for the cost of the electronic monitoring program" (People v Bennor, 228 AD2d 745, 745 [1996]). While County Court can require a defendant to submit to the use of an electronic monitoring device if it determines that such a condition would advance public safety (see Penal Law § 65.10 [4]), it could not require a defendant to pay the costs associated with such monitoring since such costs do not fall within the category of restitution, but are more in the nature of a law enforcement expense (see People v Bennor, 228 AD2d at 745).[2]

Although we are reversing the judgment rendered December 4, 2013, we note that, because only the Board of Parole is authorized to impose the conditions of postrelease supervision (see Penal Law § 70.45 [3]; Executive Law §§ 259-c [2]; 259-i; People v Monk, 21 NY3d 27, 32 [2013]; People v Curry, 123 AD3d 1381, 1383-1384 [2014], lv denied 25 NY3d 950 [2015]), County Court also erred to the extent that it imposed certain conditions of defendant's postrelease supervision at sentencing (see People v Curry, 123 AD3d at 1383-1384).

Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur.

---

[2] We note that, at the time of defendant's sentencing in 2013, County Court was concerned about the safety of the community if defendant was on probation and in community based treatment, given defendant's extensive history of alcohol abuse and multiple driving while intoxicated charges. Despite the recommendations of the Probation Department and the People who both sought a sentence of prison time, County Court considered an alternative to incarceration and sentenced defendant to probation "because he was being monitored 24/7."

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court