People v Rodriguez (2018 NY Slip Op 01103)





People v Rodriguez


2018 NY Slip Op 01103


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108562

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSE A. RODRIGUEZ, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant, and appellant pro se.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Otsego County (Burns, J.), entered May 5, 2016, which denied defendant's motion to vacate five judgments issued pursuant to CPL 420.10 (6) (a) based upon fines imposed at sentencing.
Following a jury trial, defendant was convicted of operating as a major trafficker and four counts of criminal sale of a controlled substance in the third degree, and, in December 2011, he was sentenced to an aggregate prison term of 40 years (121 AD3d 1435, 1436 [2014], lv denied 24 NY3d 1122 [2015]). At sentencing, County Court ordered defendant to pay a fine of $80,000 as to the major trafficking count and four fines of $5,000 for each criminal sale count. The court also directed the
People, pursuant to CPL 420.10 (6) (a), to file separate civil judgments for each fine, all five of which were entered in January 2012. On appeal, this Court affirmed defendant's judgment of conviction (id. at 1444). In March 2016, defendant filed a pro se motion pursuant to CPLR 5015 (a) (4), among other provisions, seeking to vacate the civil judgments previously entered against him. Finding that defendant was present during sentencing and that the judgments were entered in compliance with CPL 420.10 (6) (a), County Court denied defendant's motion. Defendant now appeals, arguing that he was never properly notified of the entry of the civil judgments.
We affirm. "It is axiomatic that the CPLR governs in civil proceedings, and the CPL governs in criminal actions" (People v Lamont, 144 AD3d 1330, 1331 [2016] [citations omitted], [*2]lv denied 28 NY3d 1185 [2017]; see CPLR 101, 105 [d]; CPL 1.10 [1] [a]; People v Stacchini, 108 AD3d 866, 868 n [2013]; see also People ex rel. Hirschberg v Orange County Ct., 271 NY 151, 155-156 [1936]). However, a criminal statute may incorporate a civil statute by reference, as is the case here, where CPL 420.10 provides a mechanism by which a criminal fine "may be collected in the same manner as a judgment in a civil action" (CPL 420.10 [6] [a]; see People v Grenhalgh, 48 Misc 3d 755, 758 [Nassau County Ct 2015]; People v Bertucci, 132 Misc 2d 1051, 1054 [Sup Ct, Queens County 1986])[FN1]. To the extent that defendant claims that he was deprived of an opportunity to challenge County Court's order at sentencing that the criminal fines be converted to, and entered as, civil judgments (see CPLR 5513 [a]; 22 NYCRR 202.48 [c]), his failure to raise any objection in this regard at sentencing renders such challenge unpreserved for our review (see CPL 470.05 [2]; People v Miller, 32 Misc 3d 42, 45 [Sup Ct, App Term, 2d Dept 2011]; cf. People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Hakes, 143 AD3d 1054, 1056 [2016], lv granted 29 NY3d 997 [2017]). Moreover, the court's order that the fines be entered as civil judgments amounted to nothing more than a ministerial matter required by statute (see CPL 420.10 [6] [a]; People v Miller, 32 Misc 3d at 45-46; see also Ezeigwe v Attorney General of the United States, 491 Fed Appx at 341), and any purported failure to serve defendant with a copy of the judgments and notice of their entry does not warrant vacatur of those judgments (see CPLR 5016, 5513 [a]; cf. Chambers v City of Ogdensburg, 239 AD2d 850, 850 [1997], lv denied 91 NY2d 802 [1997]; Matter of Halpin v Perales, 203 AD2d 675, 676-677 [1994]). In any event, as defendant's motion was predicated upon CPLR 5015 (a) (4), he has failed to demonstrate, under the circumstances presented here, how County Court lacked personal or subject matter jurisdiction to impose the fines and order that they be entered as civil judgments or to establish any other basis warranting vacatur of the civil judgments (see CPLR 5015 [a]; CPL 420.10 [6] [a]).
Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Although fines imposed at sentencing may be collected in the same manner as a civil judgment (see CPL 420.10 [6] [a]), "the criminal fine does not metamorphose from a criminal sentence into a civil judgment" or proceeding (People v Ekinici, 191 Misc 2d 510, 513-514 [Sup Ct, Kings County 2002]; see Ezeigwe v Attorney General of the United States, 491 Fed Appx 337, 341 [3d Cir 2012]).